*554 Singleton sued Carr in trespass of assault and battery, ⅛ the Fayette circuit court; the defendant on motion obiained a continuance, and the court ordered him to r ’ . . . * • w j pay the costs of the continuance ; the plaintiff moved the court to enter up a judgment for the costs, which was overruled, to which the plaintiff took his bill of ex-cepcions, stating that he moved for the judgment for costs so as to enable him to take out execution ; the t cert;fy as their reasons for refusing, that it had not been the practice of tne court to enter judgments for costs of continuances ; and they were of opinion, that the order to pay costs of a continuance ought to be enforced by attachment for disobedience, and not by execution.
The defendant pleaded “ that he did not assault and beat the plaintiff as in the declaration he hath alleged j *555 and that the first assault was made bv tbs plaintiff, (son assault demesne) and of this he puts himself upon the country,” and the plaintiff doth so likewise. The cause was continued until the next term.
Affidavit not setting forth, the matter expected to be proved by ab-fent witnefs 5 nor that he had been ferved with procefs9 nor whether he was refident widiin or without the ftate9 nor whether he would probably be prefenc at the next terms is infufficienu to obtain a continúanos#
On the calling of the cause for trial, the plaintiff moved for a continuance, upon a written affidavit, stating in substance, that Richard Lucas was a material witness ; that he could not prove the same facts by any other witness ; that he had made great exertions to get the witness ; that he had sent a messenger to Scott county, for the purpose of bringing said witness, with •a subpcena, but he could not be found ; that the witness is out of the commonwealth ; and that the plaintiff cannot go safely to trial without him.
This affidavit was adjudged insufficient to entitle the plaintiff to a continuance ; he then moved for leave to be sworn viva voce, to shew other exertions to obtain the witness, than those set forth in the affidavit; which motion the court overruled.
The jury were sworn to try the issue, and found for the defendant; who had judgment accordingly.
On the 20th of October, Wickliffe moved for a supersedeas, on behalf of Singleton, and assigned for error,
1st. That the court erred in refusing a judgment for the costs of continuance.
2d. That the court erred in giving judgment for the defendant, his plea being insufficient and informal.
3d. The court erred in refusing the continuance asked for.
4th. They erred in refusing to examine the plaintiff ere temis, as to his cause for continuance.
On the 31st October, the opinion of the court was delivered by Bibb, Chief Justice, as follows :
The first matter assigned for error, is, that the court refused to give a judgment for costs, upon the continuance at the application of the defendant.
The opinion of the court oil that subject was perfectly correct. They ordered the continuance at the costs of the defendant; the proper mode of enforcing the order was by attachment, if the defendant should refuse fo obey, upon being served with a copy. The desire and intent expressed of taking out an execution for costs, was irregular. But the opinion of the court *556 upon this collateral question could n®t in any manner-affect the judgment subsequently rendered in chief.
The objection to the plea is not substantial. It was a complete answer to the assault and battery mentioned in the declaration, though not formal, and if the plaintiff had demurred specially and pointed out the particular objections, then the demurrer should have been supported. But having joined issue upon it t&othe country, it is now too late to object to it for informality, or duplicity.*
The other assignments of error, relate to the sufficiency of an affidavit filed upon a motion made by the plaintiff for a continuance, and the refusal of the court to permit the plaintiff to make out his case viva voce after his affidavit had been held insufficient.
The court acted correctly, in refusing to permit the party to mend his hold ; much less ought they to have permitted him to do it viva voce.
The affidavit is" very equivocal. It does not shew whether the witness sworn to be material, resided within or without the state. If he resided out of the commonwealth, then the affidavit was insufficient in not setting forth the substance of what testimony was expected from him ; which should have been done in such case, according to the principles of the decision in Syms vs. Alcorn (a). If he was a citisen of the state, then the affidavit is entirely defective, in not setting forth when he left the commonwealth, or the ignorance of the plaintiff, if true, as to his intended departure ; and in the absence of these matters the affidavit shewed no diligence. The witness had not been served with process ; the subpoena had not been put into the hands of an officer, nor is it stated that it was even sent to the county where the witness was expected to be found; nor that he would in any probability, be present at a subsequent term, so as to bring the motion within the prin-⅜ , ciples of the decision of Letcher vs. Starling (b).
Motion for supersedeas overruled.

 Duplicity, and informality in pleading, must be taken advantageof by fpe-¾ eial demurrer; and it is not sufficient to demur becaufe the plea is doubIe9 or wants form, but the demurrant muft lay his linger on the very point that is so—Shortridge vs. Lamplugh, Ld. Ray. 802—1 Salk. 219—Rol. Rep., 306—3 Mod. 251—Lev. 76—Bac. Abrid. pleas and pleadifigs (K.) p. 119—2 Salk 678—7 Mod. 71—10 Cocke 88, Dr. Leyfeld's Coke Litt. 72, a—1 Vent. 272—Richards vs. Allen ante 192.

 Ante 348.

 Ante 432.